## Prior Service Under Retirement Act.

*Retirement of State employees—Prior service—Service in legislature— Acts of May 24, 1923, and June 27, 1923—Constitutional law.*

1. A member of the general assembly does not come within the meaning of the term "State employee" as used in the Act of May 24, 1923, P. L. 436.

2. Under the Act of June 27, 1923, P. L. 858, members of the legislature are not "State employees" employed by the year or month by the State government.

3. The Constitution makes a clear distinction between members of the general assembly and other State officers.

4. As members of the general assembly are not eligible to become members of the retirement system created by the Act of June 27, 1923, P. L. 858, persons employed in the executive branch of the government cannot receive prior service credit for the years during which they were members of the general assembly.

Department of Justice. Opinion to Hon. Clyde L. King, Chairman of State Employees Retirement Board.

MOYER, Dep. Att'y-Gen., Feb. 10, 1925.—In an inquiry to this department, you, as Chairman of the State Employees' Retirement Board, enclosed a letter which contains the following:

"I was a Member of the House of Representatives in the Sessions of 1901, 1903, 1905, 1907 and 1915—ten years of service, 'holding a State office under

the Commonwealth of Pennsylvania,' as provided in the Act of 1923. I am now, and have been for about seven years past, employed in the Department of the Auditor General. Am I to be credited with seventeen (17) 'years of service' under the Act of 1923 or with but the seven years served under the Auditor General?"

And you make the following inquiry: Shall time of service, as a member of the State Legislature, of a person otherwise qualified for membership in the State Employees' Retirement Association be counted in computing the "prior service" of said person?

Section 10 of the Act of June 27, 1923, P. L. 858, establishing the State Employees' Retirement System, provides in part as follows: "In computing the length of service of a contributor for retirement purposes, under the provisions of this act, full credit shall be given to each original member by the retirement board for each year of prior service as a State employee, as defined in section 1, paragraphs 6 and 13, of this act. . . ."

Paragraph 6 of section 1 of said act provides as follows:

" 'State employee' shall mean any person holding a State office under the Commonwealth of Pennsylvania, or employed by the year or by the month by the State Government of the Commonwealth of Pennsylvania in any capacity whatsoever. But the term 'State employee' shall not include judges, and it also shall not include those persons defined as employees in section one, paragraph seven, of the act approved the eighteenth day of July, nineteen hundred seventeen (Pamphlet Laws one thousand forty-three), entitled 'An act establishing a public school employees' retirement system,' as amended by section one, paragraph seven, of the act approved the twenty-first day of April, nineteen hundred twenty-one (Pamphlet Laws two hundred fifty-five). In all cases of doubt the retirement board shall determine whether any person is a State employee as defined in this paragraph, and its decision shall be final."

Paragraph 13 of section 1 of said act provides as follows:

" 'Prior service' shall mean all service completed not later than the thirty-first day of December, nineteen hundred twenty-three."

Therefore, from these sections of the act, as quoted, the basis for allowance of prior service for retirement purposes in the State Employees' Retirement Association is whether the member was a "State employee" during the time of said period of service for which allowance of prior service is requested.

The meaning of said term "State employee" is given entirely in said paragraph 6 of section 1 of said act as above quoted. In determining the full scope of this term, let us first turn to the former retirement acts; we find that the first one passed by the legislature was the Act of June 14, 1915, P. L. 973. This was amended by the Act of June 7, 1917, P. L. 559, and the Act of April 20, 1921, P. L. 197. It was repealed and superseded by the Act of May 24, 1923, P. L. 436. On June 27, 1923, the State Employees' Retirement Act was passed, which is the Retirement Act under consideration. By this Retirement Act, any State employee who, before Dec. 31, 1924, became eligible for retirement under said Act of May 24, 1923, P. L. 436, had the option of retirement thereunder, or under the provisions of the State Employees' Retirement System Act of June 27, 1923, the act here in question. It will be noted, by examination of the acts above referred to, that each time the original Act of 1915 was amended, the meaning of the term "State employee" was changed to afford greater scope; and when it was superseded by the Act of May 24, 1923, P. L. 436, the definition of "State employee" was as follows:

"Section 1. That the phrase 'State employee,' as used in this act, includes *(a)* all officers and employees of the executive and legislative branches of the State government, including officers and employees of the Department of Public Instruction who at the time of retirement are not contributors to the State Teachers' Retirement Fund and entitled to retirement in accordance therewith; *(b)* all officers and persons employed by the Supreme and Superior Courts; and *(c)* all salaried officers and employees of hospitals, asylums, penitentiaries, reformatories and other institutions operated by the Commonwealth."

It will readily be seen that a member of the general assembly does not come within the meaning of the term "State employee" as used in the Act of May 24, 1923, P. L. 436. This term, among others, includes all officers and employees of the legislative branch of the State government. Members of the general assembly cannot be included within the meaning of the words "officers and employees" of the legislative branch of the State government, because the Constitution itself not only provides for the election of the presiding officer in each House, but also provides, in section 10 of article III thereof, that the general assembly shall prescribe by law "the number, duties and compensation of the officers and employees of each House." Accordingly, the Act of May 24, 1923, P. L. 436, although passed at the same session of the legislature with the State Employees' Retirement System Act of June 27, 1923, affords us no assistance in determining the question herein involved. By the Retirement Act of June 27, 1923, P. L. 858, the term "State employee" is given a still broader scope of meaning. Does this meaning of "State employee," as defined in said act in paragraph 6, section 1, thereof, as above quoted, include members of the State legislature? Are they persons "holding a State office under the Commonwealth of Pennsylvania?"

There can be no doubt that in a certain sense members of the general assembly are "public officers," and that to the extent to which they are "public officers" they hold their offices under the Commonwealth of Pennsylvania; but the question now before us is whether it was the intention of the general assembly, when the Act of June 27, 1923, was enacted, that they should be included within the definition of "State employee" already quoted. The answer to this question does not depend upon the status of the members of the legislature generally. It is a narrow question of interpretation. In dealing with this narrow question, the general scope, purpose and scheme of the State Employees' Retirement Act in question must be considered.

As far as employees who are not "officers" of the Commonwealth are concerned, the act is limited to persons "employed by the year or by the month by the State government." Paragraph 5 of section 7 of the act provides in part as follows:

"The head of each department shall cause to be deducted on each and every pay-roll of a contributor, for each and every pay-roll period subsequent to December thirty-first, nineteen hundred twenty-three, such per centum of the total amount of salary earnable by the contributor in such pay-roll period as shall be certified to the head of each department by the retirement board as proper, in accordance with the provisions of this act."

The reason for the limitation, as just stated, to persons who are not "officers" is not only obvious from the provision made for the deductions of contributions as indicated by the paragraph just quoted, but also a survey of the details of the retirement system which the act establishes. It would be a matter of great difficulty to calculate and regulate the deductions of the contributions to be made each month by persons whose compensation is fixed

otherwise than by an annual or monthly basis. During the first year of operation of the retirement system membership was optional as to old and as to new employees; but after Dec. 31, 1924, membership for new employees is optional only during the first six months of their employment. Beginning the seventh month of their employment, membership is compulsory. The details of membership and contribution of employees are to be handled by the head of each department under the direction of the Retirement Board. The board which administers the system contains two members to be elected from the membership of the association by the members thereof.

Members of the legislature are compensated on a per session basis, which is neither an annual nor a monthly basis. If a member of the legislature is a State employee within the meaning of the definition of "State employee" in the act, and the Retirement Board had not extended the time, as allowed by the act, during which State employees may become original members of the association, then those members who are old members of the legislature would have been obliged, after Dec. 31, 1924, to become members of the retirement system, and, under section 7 of the act, it would have been obligatory for the State Treasurer, after Dec. 31, 1924, to make deductions from the salaries of such members of the general assembly to cover their contributions to the retirement fund. Since Dec. 31, 1924, persons becoming members of the general assembly, that is, those who are now members, will be compelled to become members of the retirement association after their first six months of service. Unless, therefore, the session lasted more than six months, the State Treasurer would have found that, although members of the general assembly had become members of the retirement association, they had received their compensation for two years in full, and it would be impossible for him to deduct the contributions to the fund which the law requires. If, on the other hand, the session lasted more than six months, deductions could be made only from such compensation as was payable after the first six months of the session, so that members of the general assembly would not contribute to the fund on the same basis upon which all other members of the association would contribute. It is unthinkable that the members of the general assembly intended such a discrimination in their favor.

Again, under article II, section 6, of the Constitution of this Commonwealth, senators and representatives are disqualified, during their terms of office, from appointment "to any civil office under this Commonwealth." A member of the State Employees' Retirement Board is undoubtedly a "civil officer under the Commonwealth." If members of the general assembly were entitled and required to become members of the retirement association, they would be the only members of the association not eligible to be chosen by the other members of the association as members of the Retirement Board which is to administer the system. It is not likely that the general assembly intended to create such a situation.

We are aware of the arguments which have been and doubtless will be advanced by those who desire prior service credits for having been members of the general assembly in past years. They argue that a member of the legislature holds a "State office under the Commonwealth," and that the legislature, therefore, must have intended that its members should be included in the class of persons entitled to membership in the retirement system. But the Constitution itself, in dealing with the general assembly, makes a clear distinction between members of the general assembly and other State officers.

Article II of the Constitution deals with "the legislature." Nowhere in that article are members of the general assembly denominated officers. They

are always referred to as "members." Section 2 speaks of the "term of service"—not "of office"—of members. Section 5 again uses this expression, "terms of service." Section 7 provides that no person convicted of certain crimes "shall be eligible to the general assembly, or capable of holding any office of trust or profit in this Commonwealth." Were members of the legislature regarded as "officers," as that term is generally used, it would have been unnecessary specifically to mention them in the expression quoted.

A similar distinction appears in article III, section 30 of the Constitution, which provides that any person shall be guilty of bribery who shall offer, give or promise any money, *et cetera,* "to any executive or judicial officer *or member of the general assembly. . . .*" Article III, section 31, provides that the offence of corrupt solicitation of "members of the general assembly or of public officers of the State . . . shall be defined by law and shall be punished by fine and imprisonment." Article VI, section 3, provides that "the Governor and all other civil officers shall be liable to impeachment. . . ." Under this section, members of the general assembly are clearly not "civil officers."

Article VII, section 1, provides "that senators and representatives and all judicial, State and county officers" shall take the constitutional oath of office. If senators and representatives were "State officers," as that term is commonly understood, it would be unnecessary specifically to mention them. This section further provides that, "in the case of State officers and judges of the Supreme Court," the oath shall be filed in the office of the Secretary of the Commonwealth. This provision has never been interpreted to include members of the general assembly whose oaths are not subscribed or filed.

Accordingly, the mere use of the expression "any person holding a State office under the Commonwealth of Pennsylvania," in the Retirement Act of 1923, does not in any sense disclose a clear intention on the part of the general assembly to include themselves within the meaning of this term. On the contrary, the instances in which the Constitution has treated members of the general assembly and State officers as two distinct classes of public servants would seem to render it necessary for the legislature specifically to mention members of the general assembly as included within the definition of "State employee" in order to entitle them to membership in the retirement system.

You are, accordingly, advised that it is the opinion of this department that members of the general assembly were not contemplated as State employees within the meaning of the Retirement Act of 1923:

1. Because the act, as to members of the general assembly, would be practically unworkable.

2. Because, if members of the legislature were regarded as within the act, the provisions of the act with regard to contributions would give members of the legislature a preference which would be discriminatory in their favor; and

3. Because the Constitution of this Commonwealth itself clearly establishes a precedent which requires specific mention of members of the general assembly to include them within the meaning of provisions relating to "State officers" generally.

It follows that, as members of the general assembly are not eligible to become members of the retirement system, persons employed in the executive branch of the government cannot receive prior service credit for the years during which they were members of the general assembly.

It would seem that the question with which we are dealing is one of those which should become the subject of determination by your board as contemplated by the last sentence of clause 6, section 1, of the Retirement Act of 1923.      From C. P. Addams, Harrisburg, Pa.